**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Erving Daymude, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Commissioner of Social Security Administration, <br><br> Defendant. | No. CV-23-08000-PCT-DWL <br><br> **ORDER** |

Plaintiff challenges the denial of his application for benefits under the Social Security Act ("the Act") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed Plaintiff's opening brief (Doc. 15), the Commissioner's answering brief (Doc. 19), and Plaintiff's reply brief (Doc. 20), as well as the Administrative Record (Doc. 10, "AR"), and now affirms the Administrative Law Judge's ("ALJ") decision.

I. Procedural History

On August 1, 2017, Plaintiff filed an application for supplemental security income, alleging disability beginning on January 1, 2010. (AR at 141.) The Social Security Administration ("SSA") denied Plaintiff's application at the initial and reconsideration levels of administrative review and Plaintiff requested a hearing before an ALJ. (*Id.*) On February 25, 2020, following a video hearing, an ALJ issued an unfavorable decision. (*Id.* at 141-51.) However, the Appeals Council granted Plaintiff's request for review and remanded for further proceedings. (*Id.* at 157-59.)

On November 15, 2021, Plaintiff had a post-remand telephonic hearing before a different ALJ. (*Id.* at 16.) On January 20, 2022, the ALJ issued another unfavorable decision. (*Id.* at 16-35.) The Appeals Council then denied Plaintiff's request for review. (*Id.* at 1-3.)

II.     The Sequential Evaluation Process And Judicial Review

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the

ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

III. The ALJ's Decision

The ALJ found that Plaintiff had not engaged in substantial, gainful work activity since the August 2017 application date and that Plaintiff had the following severe impairments: "seizure disorder; coronary artery disease; scoliosis; diabetes; and neurodevelopmental disorder depressive disorder and anxiety disorder." (AR at 19.)[1] Next, the ALJ concluded that Plaintiff's impairments did not meet or medically equal a listing. (*Id*. at 21-23.) Next, the ALJ calculated Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work, as defined in 20 CFR 416.967(b), except: no climbing ladders, ropes, or scaffolds; occasional climbing ramps or stairs; occasional stooping, crouching, crawling, kneeling; frequent balancing; no exposure to dangerous machinery; no exposure to unprotected heights; occasional exposure to excessive loud noise; no occupational driving; no work around open flames; he can perform work involving understanding, remembering, and carrying out simple instructions; occasional routine changes in the work setting; he can work with minimal (defined as 15% of an 8-hour work day) interaction with the public; occasional interaction with co-workers; and no production rate work, such as that found on an assembly line.

(*Id.* at 23.)

As part of this RFC determination, the ALJ evaluated Plaintiff's symptom testimony, concluding that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.* at 23-29.) The ALJ also evaluated opinion evidence from

---

[1] The ALJ also noted the existence of evidence of certain other non-severe impairments. (AR at 19-20.)

various medical sources. (*Id.* at 29-31.)[2]

Having determined Plaintiff's RFC, and in light of the fact that Plaintiff had no past relevant work (*id.* at 33), the ALJ next turned to the step-five inquiry—that is, whether Plaintiff can perform any work in the national economy based on his RFC, age, education, and work experience. As part of this analysis, the ALJ discussed Plaintiff's age, explaining as follows:

> [Plaintiff] is currently 54 and is still an individual closely approaching advanced age. Although a borderline age situation exists because the claimant is within a few months of attaining the next higher age category [of 55] and use of the higher age category would result in a finding of 'disabled' instead of 'not disabled,' use of this age category is not supported by the limited adverse impact of all factors on [Plaintiff's] ability to adjust to other work. Specifically, the vocational adversities presented by [Plaintiff's] impairments, overall impact of the RFC, and lack of work experience, do not warrant the non-mechanical application of the grid rule. For example, [Plaintiff's] lack of past relevant work was already considered in the medical vocational rule and considering the factor would double-weigh it. Additionally, the undersigned accounted for the substantial erosion of the medium exertion occupational base with the postural [limitations], including the stooping and crouching, and environmental limitations herein, and limited [Plaintiff] to light exertion work accordingly, so considering this factor further would double weigh it. Additionally, the RFC limitations involving stooping, crouching, crawling, kneeling, climbing ladders, ropes, or scaffolds, no exposure to dangerous machinery, no exposure to unprotected heights, and no work around open flames, do not adversely affect the light unskilled occupational base.

(*Id.* at 33.)

In light of that determination, and based on the testimony of a vocational expert, the ALJ concluded that Plaintiff is able to perform various jobs that exist in significant numbers in the national economy, including assembler, inspector, and folder. (*Id.* at 33-34.) Thus, the ALJ concluded that Plaintiff is not disabled. (*Id.* at 34-35.)

…

…

---

[2] The ALJ's conclusions as to the opinion evidence are unnecessary to summarize here because Plaintiff does not challenge them on appeal.

IV.     Discussion

Plaintiff presents only one issue on appeal: whether "[t]he ALJ erred by failing to comply with an explicit agency regulation which directs proper handling of borderline age situations and in doing so improperly denied Plaintiff's claim." (Doc. 15 at 1.)[3] As a remedy, Plaintiff seeks a "remand[] to the Agency for a calculation of benefits only" and argues that a "[r]emand for further proceedings would be unjust." (*Id.* at 9.)

A.      **The Parties' Arguments**

Plaintiff notes that his application presented a "borderline age situation" because his RFC, educational history, and work history would have dictated a finding of disability had he been at least 55 years old (*i.e.*, the "advanced age" category) and he was 54 years and nine months old at the time of the ALJ's decision. (Doc. 15 at 4.) Plaintiff argues that the ALJ erred by failing to treat him as falling in the "advanced age" category, as ALJs are authorized to do under 20 C.F.R. § 404.1563(b), and that the ALJ's explanation was flawed in light of the guidance regarding § 404.1563(b) set forth in the SSA's POMS and HALLEX policy manuals. (*Id.* at 4-8.) According to Plaintiff, "[t]he regulation is comprised of a clearly defined policy and procedure, which the ALJ failed to follow here. Since the ALJ[] incorrectly applied the Agency's proscribed procedure, this Court must find that the ALJ has erred and reverse." (*Id.* at 8.)

The Commissioner responds that, under § 404.1563(b), ALJs have discretion to use an older age category in a borderline case but are not required to do so. (Doc. 19 at 2-3.) The Commissioner argues that the ALJ properly exercised that discretion here and provided a "proper and reviewable explanation" of her rationale for declining to use an older age category, in compliance with *Lockwood v. Comm'r of SSA*, 616 F.3d 1068 (9th Cir. 2010). (*Id.*) In fact, the Commissioner argues that "the facts showing that the ALJ did not mechanically apply the age categories are even stronger than those presented in

---

[3] Although the "Statement of Issues" in Plaintiff's opening brief seems to raise a second assignment of error related to the ALJ's evaluation of medical opinion evidence (Doc. 15 at 1), the opening brief does not raise any developed argument as to that issue and Plaintiff clarifies in his reply brief that he is not raising any challenge to the ALJ's evaluation of opinion evidence (Doc. 20 at 1 n.1).

*Lockwood*. The ALJ discussed Plaintiff's age category as being an individual closely approaching advanced age. In so doing, the ALJ also mentioned . . . the regulation that prohibits applying age categories mechanically in borderline situations. Further, the ALJ discussed various reasons why she did not apply the higher age category, and then relied on vocational expert testimony before finding Plaintiff was not disabled." (*Id.* at 4.) Finally, the Commissioner argues that, to the extent Plaintiff's argument is premised on the ALJ's alleged non-compliance with the POMS and HALLEX manuals, any such argument fails because (1) "neither the POMS nor HALLEX—both internal policy guidance manuals—are binding on the agency"; and (2) the ALJ's analysis was, at any rate, consistent with HALLEX. (*Id.* at 5-6.)

In reply, Plaintiff argues that this case is distinguishable from *Lockwood* because he "had vocational adversities that merited consideration according to the higher age category" and also lacked any past relevant work. (Doc. 20 at 1-3.) Plaintiff also argues that the ALJ's determination that using a higher age category would result in "double counting" was incorrect and represented a "misinterpretation of the Regulation's directives." (*Id.* at 3-4.)

B. **Analysis**

The Court finds no harmful error in the ALJ's step-five analysis. The relevant regulation, 20 C.F.R. § 404.1563(b), provides that "[w]e will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case." *Id.*

In *Lockwood*, the Ninth Circuit explained that "[i]t is clear from the text of this regulation that an ALJ is not *required* to use an older age category, even if the claimant is within a few days or a few months of reaching an older age category." 616 F.3d at 1071. Instead, the only "requirement" is "that [the ALJ] *consider* whether to use the older age category." *Id.* Put another way, *Lockwood*'s "holding [is] that an ALJ does not commit

1 reversible error as long as she considers whether to use the older age category." *Id.* at 1072. *See also id.* at 1073 ("The regulation at issue here requires only that the ALJ consider whether to use the older age category; it does not impose any obligation to make express findings incorporated in the ALJ's opinion."). *Lockwood* also clarifies that it is not reversible error for an ALJ to "fail[] to consider the requirements laid out in [HALLEX]" as part of the analysis, in part because "HALLEX does not impose judicially enforceable duties on either the ALJ or this court." *Id.* at 1072. Similarly, "POMS constitutes an agency interpretation that does not impose judicially enforceable duties on either this court or the ALJ." *Id.* at 1073.

Here, the ALJ did exactly what 20 C.F.R. § 404.1563(b) requires—that is, consider whether to use the older age category. In fact, the ALJ went beyond merely certifying that she had considered that issue and provided a lengthy explanation of her rationale for concluding that an older age category should not be used. (AR at 33.) In *Lockwood*, the ALJ did not provide such an explanation, yet the Ninth Circuit still affirmed. 616 F.3d at 1074 ("The ALJ did not err when she did not explain in her decision why she used Lockwood's chronological age—54 years old—instead of treating Lockwood as a person of advanced age (i.e., a person age 55 or older)." Affirmance is warranted here, too. Although Plaintiff argues that the ALJ's reasoning was flawed and failed to comply with the guidance set forth in HALLEX and POMS, *Lockwood* forecloses any such challenge. *See also Barreras v. Saul*, 803 F. App'x 70, 72 (9th Cir. 2020) ("The ALJ did not err by declining to categorize Barreras in the 'advanced age category.' When confronted with a borderline age situation, an ALJ is only required to consider whether to use the older age category. There is no requirement that the ALJ provide a written explanation for declining to use an older age category. . . . It is inconsequential to our analysis that the ALJ's decision was contrary to internal Social Security Administration policies listed in the Program Operations Manual System (POMS) or the Commissioner's Hearings, Appeals and Litigation Law Manual (HALLEX) . . . .") (citing *Lockwood*, 616 F.3d at 1071).

…

Accordingly,

**IT IS ORDERED** that the decision of the ALJ is **affirmed**. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 2nd day of November, 2023.

Dominic W. Lanza
United States District Judge